UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

LEISA BLANKENSHIP,
    Plaintiff,

CASE NO.: 4:09cv478-RH/WCS

CIVIL DIVISION

vs.

SMITH, DEAN & ASSOCIATES, INC.,
    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1.) This is an action for actual and statutory damages brought by Plaintiff, LEISA BLANKENSHIP, an individual consumer, against Defendant, SMITH, DEAN & ASSOCIATES, INC., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and for violations of the Florida Consumer Collections Practice Act, section 559.551 et seq. (hereinafter "FCCPA").

### JURISDICTION

2.) Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendants engage in debt collection in this District, and the conduct complained of occurred in this District.

### PARTIES

3.) Plaintiff, LEISA BLANKENSHIP, is a natural person residing in Tallahassee, Leon County, Florida.

4.) Defendant, SMITH, DEAN & ASSOCIATES, INC., is an Florida corporation engaged in the business of collecting debt in this state with its principal place of business located at101 Century 21 Dr. #107, Jacksonville, Florida 32216. The principal purpose of the Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5.) Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6.) On or about August 31, 2009 the Plaintiff received a telephone message at her place of employment from a female identifying herself as "Lisa Sanchez," an employee of the Defendant, and requesting that the Plaintiff contact her to: "schedule service for a worthless check charge and that pursuant to State and Federal Law I am required to see if you would like to have your attorney present." The employee further stated that if she did not hear from the Plaintiff by the end of business that day she would "submit the information to Leon County".

7.) On or about September 4, 2009 at 9:32 a.m., the Plaintiff, while working the switchboard at her place of employment, received a telephone call from an individual who identified herself as an employee of the Defendant and who requested to speak with the Plaintiff's supervisor in order to schedule service of process. The Plaintiff advised the individual that she couldn't take personal phone calls at work and terminated the call. The Defendant's employee then immediately called the Plaintiff back and advised her that she would be picked up by the Leon County Sheriff on criminal charges. The Plaintiff again advised the Defendant's employee that she could not take personal phone calls at work and hung up. The Defendant's employee then proceeded to repeatedly telephone the Plaintiff at her place of employment requesting to speak with the Plaintiff's supervisor and threatening the Plaintiff with arrest. The Defendant's employee placed a total of seven (7) calls on September 4, 2009 at 9:36 a.m.

8.) On or about September 17, 2009, the Defendant, acting through its employee, Diane Kaplan, responded to an inquiry by the Better Business Bureau, wrote a statement (Exhibit A) confirming that the Defendant had requested to speak with the Plaintiff's supervisor. The Defendant states that it has forwarded suit papers to its client.

9.) The Defendant had a reasonable expectation that its statement to the Better Business Bureau would be forwarded to the Plaintiff.

10.) Upon information and belief the Defendant is not a licensed attorney, is not a law firm, and does not provide legal counsel to its clients.

First Claim

Violation of FDCPA

11.) Plaintiff repeats and re-alleges and incorporates by reference paragraphs one through ten above.

12.) Defendants violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. The Defendant violated 15 U.S.C. § 1692c (a)(3) by continuing to contact the Plaintiff at work after being advised by the Plaintiff that her employer prohibited such communications.

    b. The Defendant violated 15 U.S.C. § 1692c (a)(1) by continuing to contact the Plaintiff at work after being advised by the Plaintiff to cease such communications due to potential difficulties with her work arising from such communications.

    c. The Defendant violated 15 U.S.C. § 1692d(4) by repeatedly calling the Plaintiff at her place of employment with the intent to annoy, abuse, or harass the Plaintiff.

    d. The Defendant violated 15 U.S.C. § 1692e(7) by asserting that the Defendant was pursuing a "worthless check charge" against the Plaintiff and that "pursuant to State and Federal Law" they must advise her of her right to have her attorney present, and threatens to submit the information to "Leon County".

    e. The Defendant violated 15 U.S.C. § 1692e(2)(a) by false representation of the status of the debt as a "worthless check charge".

    f. The Defendant violated 15 U.S.C. § 1692e(4) by false representation that the Plaintiff risked arrest from non-payment of the debt.

g. The Defendants violated 15 U.S.C. § 1692e(5) by threatening to serve process upon the Plaintiff when no lawsuit had yet been filed.

h. The Defendant violated 15 U.S.C. § 1692e(10) by using a false representation that the Defendant was calling to arrange service of process when no lawsuit had been filed.

i. The Defendants violated 15 U.S.C. § 1692g(a) by failing to provide written notice required by 15 U.S.C. § 1692g(a) to the Plaintiff, within 5 days of the initial communication by the Defendant.

13.) As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

Second Claim

Violation of FCCPA

14.) Plaintiff repeats and re-alleges and incorporates by reference paragraphs one through ten above.

15.) Defendant violated the FCCPA. Defendant's violations of the state Act include, but are not limited to, the following:

a. The Defendant violated section 559.72(4) Florida Statutes by threatening to contact the Plaintiff's employer, prior to obtaining final judgment against the Plaintiff.

b. The Defendant violated section 559.72(7) Florida Statutes by willfully engaging in conduct and communicating with the Plaintiff in a manner which can reasonably be expected to abuse or harass the Plaintiff.

c. The Defendant violated section 559.72(9) Florida Statutes by: claiming a right to pursue a worthless check charge, arrange service of process, "Mirandizing" the Plaintiff with regards to her right to have an attorney present when no such rights existed.

d. The Defendant violated section 559.72(7) Florida Statutes by claiming that the Plaintiff will be responsible for court costs and legal fees when no Court has ruled upon the Defendant's entitlement to such costs and fees

and such costs and fees could only be imposed if allowed by contract and the Defendant's prevailing in a lawsuit.

16.) Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

17.) As a result of the above violations of the State Act, the Defendant is liable to the Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

a.) Declaratory judgment that Defendant's conduct violated the FDCPA, and FCCPA, and injunctive relief for the Defendant's violations of the FDCPA and FCCPA.

b.) Actual damages.

c.) Statutory damages pursuant to 15 U.S.C. § 1692k.

d.) Statutory damages pursuant to section 559.77(2) Florida Statutes.

e.) Punitive damages as determined by the Court pursuant to section 559.77(2) Florida Statutes.

f.) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and section 559.77(2) Florida Statutes.

g.) For such other and further relief as may be just and proper.

Plaintiff gives notice of her demand for trial by jury.

Respectfully submitted this _8th_ day of December, 2009

David H. Abrams, Esq.
Attorney for the Plaintiff
Fla. Bar No.: 0692484
2236 Capital Circle, N.E., Suite 106
Tallahassee, Florida 32308
(850)224-7653 Telephone
(850)222-0206 Facsimile

# Exhibit "A"

## Nathan Oie

| | |
|---|---|
| **From:** | Diane Kaplan |
| **Sent:** | Thursday, September 17, 2009 9:53 AM |
| **To:** | Nathan Oie |
| **Subject:** | FW: Business Reply to a Complaint (bizcomplaint.asp) |
| **Importance:** | High |

```
-----Original Message-----
From: info@bbbnefla.org [mailto:info@bbbnefla.org]
Sent: Thursday, September 17, 2009 9:49 AM
To: Diane Kaplan
Subject: Business Reply to a Complaint (bizcomplaint.asp)
Importance: High


Company_Name:   Smith, Dean & Associates
Customer_Name:   Leisa Bowen-Blankenship
Complaint_ID:   EE71-FD4%
Complaint_Information:   She claims we called her office 10 times and she
claims she said she could not be called at work.
she also states she was facing criminal charges
Company_Response:   We received her accounton 8/23/09 and a
collection letter was sent.. The only contact we had with her was on 9/4/09 start time
9:32 am end time 9:36 am. We do acknowledge we did ask to speak to ther supervisor to
verify employment an to get the registered agents name.  We have forwarded the suit papers
to our client to sign off on.  She was never threatened with criminal charges since this
is a civil matter not criminal.  She even states there is no judgement on her which is
true.  Since, we have to file suit on her and then we will get the final judgement.  She
signed a legal and binding contract.  She is responsible to pay this.  Since she is not
paying this we have no other option but to file suit.  She will be responsible for court
cost and legal fees.
```

1