IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**LEISA BLANKENSHIP,**

    **Plaintiff,**

vs.                                    Case No. 4:09cv478-RH/WCS

**SMITH, DEAN & ASSOCIATES, INC.,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action on December 8, 2009, alleging violations under the Fair Debt Collection Act by the Defendant Smith, Dean and Associates, Inc. Doc. 1. On January 19, 2010, Defendant submitted to the court a *pro se* "Answer to Complaint," which was purportedly on behalf of Lisa Smith for Smith, Dean & Associates, Inc. Doc. 4. The Answer did not contain an original signature or certificate of service, and because the Defendant, as an incorporated business, cannot proceed in this Court *pro se*, Lisa Smith (who is not an attorney) could not represent the entity in this Court. *See* doc. 6. By court order issued on January 27, 2010, Defendant was advised of those

deficiencies,[1] and directed to appropriately respond to the complaint on or before February 12, 2010. Doc. 6. Defendant's copy of the order was returned as undeliverable, doc. 7, and it was discovered that the zip code was incorrect. The order was re-mailed to the Defendant on February 3, 2010. Doc. 8. As of this date, no response has been received from Defendant.

On March 16, 2010, Plaintiff filed a motion for entry of default. Doc. 11. As no response to the complaint has been received, and Defendant failed to respond to the court order, doc. 6, Plaintiff's motion should be granted. On February 10, 2010, a "return of service" was filed showing service on Lisa Smith as "Director" for the Defendant "Smith, Dean & Associates, Inc." Doc. 9. The return establishes that Defendant was served with the summons and complaint on December 23, 2009. *Id.* As no reply to the complaint has been filed, the Defendant is in default.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's motion for entry of default judgment, doc. 11, be **GRANTED.** It is further recommended that the case be

---

[1] A natural person may represent himself and present his own case to the court although he is not a licensed attorney. A corporation is not a natural person. It is an artificial entity created by law and as such it can neither practice law nor appear or act in person. Out of court it must act in its affairs through its agents and representatives and in matters in court it can act only through licensed attorneys. A corporation cannot appear in court by an officer who is not an attorney and it cannot appear *in propria persona*.

Paradise v. Nowlin, 86 Cal.App.2d 897, 195 P.2d 867, 867 (1948) (citations omitted). *See* doc. 6.

Case No. 4:09cv478-RH/WCS

**REMANDED** to the undersigned for a determination of the amount of damages to which Plaintiff is entitled pursuant to FED. R. CIV. P. 55(b)(2).

**IN CHAMBERS** at Tallahassee, Florida, on March 22, 2010.

     s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**